

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Affirmed by _C-338_

Honorable R. C. Neaves
County Auditor
Grayson County
Sherman, Texas

Dear Sir:

Opinion No. 0-6397
Re: Discounts on taxes by
independent school dis-
tricts, and re-considera-
tion of Opinions Nos. 0-980,
0-6124 and 0-6290.

Your letter of January 17 requests the opinion
of this Department on the question of whether or not, under
Senate Bill No. 402, Acts of the 46th Legislature, 1939, the
discounts therein provided for the early payment of ad valor-
em taxes is applicable to independent school districts, with-
out an order of the governing board of such district invoking
the same. You also request us to reconsider our prior opinions
numbered above.

We have again reviewed with care Opinions Nos.
0-6124 and 0-6290, and we have found nothing that would jus-
tify us in changing the views expressed in these opinions.

Passing now to the consideration of the question
of whether or not the discounts provided in Senate Bill No.
402, Acts of the 46th Legislature, 1939, are inoperative as
to independent school districts because of the proviso in said
bill, until the provisions thereof are invoked by the governing
body of independent school districts, you are advised that it
is our opinion that the proviso does apply to independent school
districts. To hold otherwise, would be to ignore the express
provision of the proviso which specifically includes independ-
ent school districts. We adhere to the views expressed in

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Opinion No. 0-980, as it applies to independent school districts, and it is overruled by Opinions Nos. 0-6124 and 0-6290 only in its applicability to county, common school, and road district taxes.

The Comptroller has no authority or jurisdiction over the assessment and collection of independent school district taxes, hence there is no inconsistency in this view and our statement approving our holding in Opinion No. 0-1262, which had reference to State and County taxes over which the Comptroller is authorized to promulgate rules and regulations which have the effect of statutory law if reasonable and not arbitrary. See Stuard et ux v. Thompson, 251 S. W. 277.

Article 2792 of Vernon's Annotated Civil Statutes, is in part as follows:

"When a majority of the board of trustees of an independent district prefer to have the taxes of their district assessed and collected by the county assessor and collector, or collected only by the county tax collector, same shall be assessed and collected by said county officers and turned over to the treasurer of the independent school district for which such taxes have been collected. . ."

Where the board of trustees elect to have the taxes of an independent school district assessed and collected or collected by the county assessor-collector, this course may be pursued in accordance with the provisions of law covered in Opinion No. 0-6344, a copy of which is herewith enclosed.

The conclusions reached in Opinions Nos. 0-6124 and 0-6290 are not based primarily upon the inconsistency of requiring the payment of county taxes, before otherwise delinquent under the law, in order to receive the discount for the early payment of State taxes, but is pointed out only as a matter of statutory construction. An examination of these opinions will disclose that this is referred to merely as an aid in construing the statute.

It is not within the province of this department to pass upon the policy of the law as enacted by the Legislature, or the wisdom of the acts of the Legislature. Therefore, whether or not Senate Bill No. 402, Acts of the 46th Legislature, 1939, is a

Hon. R. C. Neaves, Page 3

good or bad law, we do not stop to inquire. We have merely endeavored to construe the Act as written.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAR 20 1945

By

L. F. Lollar
Assistant

LFL:fb

ENCLOSURE

